603 P.2d 585

Lynn PEARSON, Plaintiff-Respondent,

v.

The Honorable Robert WHITEMAN, Magistrate, Third Judicial District of the State of Idaho, Defendant-Appellant.

No. 13026.

Supreme Court of Idaho.

Nov. 29, 1979.

David H. Leroy, Atty. Gen., Lynn E. Thomas, Eugene A. Ritti, Deputy Attys. Gen., Boise, for defendant-appellant.

John K. Gatchel, Payette, for plaintiff-respondent.

Before DONALDSON, C. J., McFADDEN and BISTLINE, JJ., and SCHROEDER and WARD, JJ. Pro Tem.

## PER CURIAM.

The issue presented on appeal is whether the district court erred in determining that there was an insufficient record to sustain a finding of contempt by a judge of the magistrates division of the district court upon the basis that the tape recorded record of the proceedings held at trial had been lost at the time the case was reviewed by the district court. A review of the record indicates that the issue is moot and that, therefore, the order of the district court will stand.

Lynn Pearson assisted his son in a trial before a judge of the magistrates division. During the course of the trial, he made remarks that the magistrate found to constitute contempt. Thereafter, a sentencing hearing was held at which time the magistrate recited the statements of Mr. Pearson upon which he relied in determining that contempt had been committed. Mr. Pearson did not challenge this statement. Subsequently, Mr. Pearson filed a Writ of Review to the district court, challenging the finding of contempt. At the time the hearing was held before the district judge, the tape recorded record of the trial had been lost. As a consequence, the district judge reversed the order of contempt and remanded the case to the magistrate upon the basis that a record was not available to determine whether the magistrate's action was proper or improper. Thereafter, prior to the filing of this appeal, the magistrate dismissed the contempt order. Apparently no reconstruction of the record was made in the magistrates division upon the remand. By virtue of the dismissal that took place in the magistrates division prior to the filing of this appeal, the appeal is moot and the decision of the district court should stand by reason of that mootness.[1]

1. This ruling should not be interpreted as an affirmation of the basis for reversal by the district judge. The magistrate's verbatim recitation at the sentencing hearing may well have been adequate to establish the record upon which he relied and that there may well be instances in which reconstruction of a record is possible, though the formal record is lost. It should not be assumed that the absence of the tape recorded record must always result in reversal of an order such as that entered by the magistrate. It simply appears in this case that upon the remand there was no further effort made to reconstruct the record in those areas that may have been wanting and that instead the case was dismissed by the magistrate prior to this appeal.

Based upon the foregoing review of the record, it appears that the issue presented is moot and that the appeal is dismissed.